**Clark NOE, Appellant,**

v.

**W. D. SMITH et al., Appellees.**

**No. 18867.**

United States Court of Appeals
Fifth Circuit.

March 30, 1962.

Geo. W. Provost, Pompano Beach, Fla., for appellant.

Robert B. Cochran, Pompano Beach, Fla., William A. Morse, Eugene L. Heinrich, Fort Lauderdale, Fla., Norman S. Pallot, Miami, Fla., Arnold F. Kurzinger, Boca Raton, Fla., for appellees.

McCune, Hiaasen, Crum & Ferris, Fort Lauderdale, Fla., for appellees Eugene L. Heinrich and James M. Crum, Fort Lauderdale, Fla., of counsel.

Before HUTCHESON, WISDOM, and BELL, Circuit Judges.

PER CURIAM.

This is an appeal from a final judgment entered in the United States District Court for the Southern District of Florida, dismissing with prejudice appellant's complaint of infringement of his patent on an underground drainage and disposal system.

Holding appellant's device unpatentable and the patent invalid by reason of lack of novelty and invention, the trial court entered findings of fact to the effect that the drainage and disposal system on which the patent had been issued had no new, different, or inventive principle, function, or advantage over the

prior art and use in the field, in that all of its features were found to be mere mechanical equivalents of the prior art and use. It was found that the basic features of the patented device, its method of operation, and its appearance were substantially identical to various known drainage devices in use for many years prior to the application for the patent, with the only differences being those of form or shape, without differences in theory, structure, function, or purpose. See 35 U.S.C. §§ 101, 102. In addition, the court found that the device described in the patent was merely the adaptation of the teachings of the prior art and public use, with the addition of no more than the ordinary mechanical skill reasonably to be expected in the field, all of which would be obvious to persons of ordinary skill in the art pertaining to the subject matter of the patent. See 35 U.S.C. § 103.

■ Findings of fact by the trial court in patent cases are conclusive upon appeal, unless they are found to be clearly erroneous. Fed.R.Civ.P. rule 52(a), 28 U.S.C.; Fairchild v. Poe, 259 F.2d 329 (5th Cir. 1958). Our examination of the record reveals that the findings of the trial court were supported by substantial evidence, and were not erroneous.

■■ The finding that the device was unpatentable and the patent invalid is a fully reviewable question of law. Smith v. Nichols, 88 U.S. 112, 118, 22 L. Ed. 566 (1874); Little Mule Corp. v. The Lug All Co., 254 F.2d 268, 275 (5th Cir. 1958); Fritz W. Glitsch & Sons, Inc. v. Wyatt Metal and Boiler Works, 224 F. 2d 331, 335 (5th Cir. 1955). Upon the facts found, we are of the opinion that the court was correct in concluding that appellant's device was unpatentable, and that the claims for relief because of infringement were therefore without merit. Because we affirm the findings of the trial court that the device did not meet the requisite standard of invention and was anticipated by the prior art, we find it unnecessary to pass upon appellant's strongly urged contention that the court erred in the admission of evidence of prior public use.

The judgment is

Affirmed.