**NATIONAL ATHLETIC SUPPLY CORP.,**
Plaintiff-Appellee,

v.

**TONE-O-MATIC PRODUCTS, INC.,**
(Formerly Muscle-Matic, Inc.), (The) Big Three Glove Company, and Gilbert I. Smith, Defendants-Appellants.

No. 27531.

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1970.

Vern L. Oldham, Oldham & Oldham, Akron, Ohio, Matt O'Brien, Tampa, Fla., for defendants-appellants.

Raymond Rosenberg, Donald H. Zarley, Des Moines, Iowa, Richard E. Cours, Tampa, Fla., for plaintiff-appellee.

Before WISDOM, GEWIN, and AINSWORTH, Circuit Judges.

PER CURIAM:

The National Athletic Supply Corp. brings this patent infringement action against Tone-O-Matic Products, Inc. (formerly Muscle-Matic, Inc.), (The) Big Three Glove Company, and Gilbert I. Smith, the president of the two corporations. The action is based on an alleged infringement of the Compiano patent, USLP No. 3,031,680, issued on May 1, 1962,[1] relating to a bowling glove. The patent contains Claims 1 through 10 but the plaintiffs contend only that Claim 10 is the only claim at issue.

Tone-O-Matic denies infringement, and alleges that the Compiano patent is invalid on three grounds: (1) the specification and claims are indefinite under 35 U.S.C. § 112; (2) Compiano failed to file a supplemental oath relating to Claim 10 as required by 35 U.S.C. § 115; and (3) the differences between the patented device and the prior art are obvious to one having ordinary skill in the bowling art at the time of the invention. 35 U.S.C. § 103.[2] The district court held Claim 10 to be valid and infringed. We affirm on both issues.

I.

A. Section 112 of Title 35, U.S.C., provides that the patent specification shall describe the invention "in such full, clear, concise, and exact terms as to enable any person skilled in the art * * * to make and use the same". This section also provides that the claims should particularly point out and distinctly claim the subject matter of the invention.

Claim 10 of the Compiano patent states:

> In a bowling glove, a glove having a palm portion, a back portion, a wrist portion and fingers and thumb areas, and a wedge portion on the palm portion of said glove; said wedge portion extending to a point forward of the lateral plane area of the thumb area and extending to a point closely adjacent the finger areas of said glove; said wedge portion being in the form of a padding decreasing in thickness as it extends forwardly.

Tone-O-Matic argues that when Claim 10 is read in conjunction with the specifications of the invention, the Claim does not meet the requirements of Section 112, but defines the invention in such vague and ambiguous terms as to be invalid.

The trier of fact determines the sufficiency of a description of a claim under Section 112. Hogg v. Emerson, 1850, 52 U.S. (11 How.) 587, 13 L.Ed. 824; Arnold Pipe Rentals Co. v. Engineering Enterprises, Inc., 5 Cir. 1965, 350 F.2d 885; Georgia-Pacific Corp. v. United States Plywood Corp., 2 Cir. 1958, 258 F.2d 124. The findings of fact by the trial court in patent cases, therefore, are conclusive upon appeal unless they are clearly erroneous. Fed.R. Civ.P. 52(a), 28 U.S.C.; Noe v. Smith, 5

---

1. April 10, 1959, Roy Compiano, the inventor of the bowling glove, executed an assignment transferring his patent rights to the glove to the National Athletic Supply Corporation.

2. Tone-O-Matic defended this action on the additional grounds that National Prod-

ucts was not the legitimate titleholder of the patent, and that National Products had mismarked and misused the patent in violation of 35 U.S.C. § 292. The district court ruled against Tone-O-Matic on these issues, and they have not been raised on appeal.

Cir. 1962, 300 F.2d 430; Fairchild v. Poe, 5 Cir. 1958, 259 F.2d 329. In *Arnold* this Court said:

> The district judge, after hearing and evaluating the testimony and examining the documentary exhibits, is in the best position to determine whether the patent sufficiently informs "the public how the discovery, if there is one, can be made useful, and how its infringement may be avoided." 350 F. 2d at 892.

■ We cannot say that the district court was clearly erroneous in finding that the specification and Claim 10 of the Compiano patent set forth a description of the invention in the manner and process of making and using a bowling glove in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains to make and use the glove.

B. Tone-O-Matic argues that Claim 10 of the patent is invalid because a supplemental oath, as provided by section 115 of Title 35, U.S.C., was not filed. That section requires an applicant to "make oath that he believes himself to be the original and first inventor of the * * * manufacture * * * or improvement * * * for which he solicits a patent * * *."

The controversy focuses upon Claim 10 which was added subsequent to the filing of the original patent application. Tone-O-Matic argues that Claim is broader than Claims 1 through 9; that, Compiano's oath to being the inventor of a limited improvement in a bowling glove, as set forth in Claims 1–9, does not include the broad invention of Claim 10. Accordingly, the failure to file a supplemental oath invalidates Claim 10.

Rule 67 of the Rules of Practice in Patent Cases, 37 C.F.R. § 1.67 (1967) requires:

> When an applicant presents a claim for matter originally shown or described but not substantially embraced in the statement of invention or claim originally presented, he shall file a supplemental oath [or declaration] to

the effect that the subject matter of the proposed amendment was part of his invention * * *.

The only inquiry, therefore, is whether the substance of Claim 10 was "substantially embraced in the statement of invention or claim originally presented" permitting Compiano to be excused from filing a supplemental oath. *See* American Safety Table Co. v. Schreiber, 2d Cir. 1959, 269 F.2d 255, cert. denied, 361 U.S. 915, 80 S.Ct. 259, 4 L.Ed.2d 185.

■ The district court found each of the components enumerated in Claim 10 to be substantially embraced in the statement of invention and claims as originally presented in the application. Whether any new or amendatory matter enlarges or adds to the disclosure as it appeared prior to the amendment is a question of fact and will not be reversed unless clearly erroneous. Westinghouse Elec. & Manufacturing Co. v. Metropolitan Elec. Mfg. Co., 2 Cir. 1923, 290 F. 661.

■ We have compared Claims 1 through 9 with Claim 10 and conclude that the findings of the district court are not clearly erroneous. Accordingly, they will not be disturbed.

C. Tone-O-Matic raises the affirmative defense of "obviousness" under 35 U.S.C. § 103, as the basis for a final attack on the Compiano patent. Section 103 requires that patentability depends, in addition to novelty and utility, upon the "non-obvious" nature of the "subject matter sought to be patented" to a person having ordinary skill in the pertinent art. Tone-O-Matic argues that the Compiano patent is a combination of old elements which produces no new and unobvious result. The district court carefully considered this allegation and concluded otherwise.

In Graham v. John Deere Co., 1966, 383 U.S. 1, 86 S.Ct. 684, 15 L.Ed.2d 545, the Supreme Court extensively analyzed the background and nature of section 103. The Court concluded that while Congress focused upon "non-obviousness" rather than "invention" as charac-

terizing the proper standard, both terms "place emphasis on the pertinent art existing at the time invention was made and both are implicitly tied to advances in the art.". 383 U.S. at 14, 86 S.Ct. at 692, 15 L.Ed. at 554. The Court then observed:

> While the ultimate question of patent validity is one of law, * * * the § 103 condition, which is but one of three conditions, each of which must be satisfied, lends itself to several basic factual inquiries. Under § 103, the scope and content of the prior art are to be determined; differences between the prior art and the claims at issue are to be ascertained; and the level of ordinary skill in the pertinent art resolved. Against this background, the obviousness or nonobviousness of the subject matter is determined. 383 U.S. at 17, 86 S.Ct. at 694, 15 L.Ed.2d at 556.

 *John Deere* requires the application of the correct legal criteria to the factual determinations made by the trial court. This calls for the exercise of a legal judgment and as such is subject to review by an appellate tribunal as a question of law. Kiva Corp. v. Baker Oil Tools, 5 Cir. 1969, 412 F.2d 547. Swofford v. B. & W., Inc., 5 Cir. 1968, 395 F.2d 362.

 We have considered the district court's findings of fact on this issue and conclude that they are fully supported by the record. Our only duty, therefore, is to assure ourselves that the Compiano patent meets the requisite legal standard for invention under section 103. After a careful consideration of the record and exhibits, the briefs, reply briefs and supplemental data, requested by the court following oral argument, we conclude that the district court correctly applied the legal standard for invention under section 103.

## II.

 The matter of patent infringement is a question of fact. As this Court stated in Hahn & Clay v. A. O.

Smith Corp., 5 Cir. 1963, 320 F.2d 166, cert. denied, 375 U.S. 944, 84 S.Ct. 351, 11 L.Ed.2d 274:

> [F]indings of the trial court as to infringement, an issue of fact, will not be reversed unless clearly erroneous, Rule 52(a), F.R.C.P.; United States Industries, Inc. v. Otis Engineering Corp., 5th Cir. 1958, 254 F.2d 198.

*Accord,* McCullough Tool Co. v. Well Surveys, Inc., 10 Cir. 1965, 343 F.2d 381, 390.

 The district court heard all the testimony from a number of witnesses who testified as to the characteristics, elements, and structural requirements of the bowling glove. The court then examined the glove in question. After comparing the patented bowling glove with the infringing bowling glove, the trial judge made his factual determination that Tone-O-Matic's glove did infringe upon National's bowling glove. The district court's determination is not clearly erroneous and will not be disturbed.

The judgment is affirmed.