KIM BROS., a partnership, Appellant,

v.

L. A. HAGLER, Appellee.

No. 16351.

United States Court of Appeals Ninth Circuit.

March 24, 1960.

**260**

Savage & Shepard, Richard L. Shepard, Fresno, Cal., for appellant.

Walch & Griswold, Lyman D. Griswold, Hanford, Cal., Gareth W. Houk, Visalia, Cal., for appellee.

Before BARNES and JERTBERG, Circuit Judges, and BOLDT, District Judge.

BARNES, Circuit Judge.

This action involves the alleged infringement of United States Plant Patent No. 974, 35 U.S.C. §§ 161–164. The

1. Cf. 46 Stat. 376 (1930), 35 U.S.C. §§ 161–164 (1958). Allyn, The First Plant

court below had jurisdiction. 28 U.S.C. § 1338. It denied the injunctive relief and damages sought. The appeal is properly before this Court. 28 U.S.C. §§ 1291, 1294(1).

The plant patent [1] covered a Sun Grand nectarine, the alleged accused fruit is herein referred to as the Red King nectarine.

Among the principal nectarines grown in and shipped commercially from California are the Kim (U. S. Plant Patent No. 173); the Bim (U. S. Plant Patent No. 575); the Le Grand (U. S. Plant Patent No. 549) the Sun Grand (U. S. Plant Patent No. 974, the alleged infringed fruit); as well as the Quetta, the John Rivers, and the Gower. Each is noted for some particular quality, such as external color, color of flesh, date of ripening, size, etc. The accused Red King (U. S. Plant Patent No. 1718) was alleged in its patent application to have been a sport from the Le Grand variety.

Appellant and appellee grow nectarines commercially. They have had previous disputes. On November 14, 1949, Kim Bros., a partnership, were the owners of "Le Grand" Plant Patent No. 549. They accused defendant and appellee with "*topping*" five hundred twenty-nine orchard trees with "Le Grand" nectarine growth, and were paid by Hagler $264.50 for a non-exclusive license allowing Hagler to "retain and continue the commercialization of the 529 trees top worked to the nectarine" embraced by the allegedly infringed patent.

In 1952 Kim Bros., a partnership, as the owner of the same "Le Grand" Plant Patent No. 549, charged defendant and appellee with *planting* eight hundred and forty trees of the Le Grand variety. To settle threatened litigation for alleged infringement, Hagler paid $1,500 to Kim Bros. and received a non-exclusive license to continue to grow the trees.

In 1948, F. W. Anderson, a plant breeder of some considerable standing, produced and sold to appellant partner-

Patents (1934); Allyn, Plant Patents, 1934 to 1943 (1944).

ship a new variety of nectarine, a cross between a Kim nectarine and July Alberta peach, which nectarine was later patented as "Sun Grand," United States Plant Patent No. 974 issued August 22, 1950. The patent was assigned to appellant July 15, 1957.

Also in July of 1957, appellant discovered nectarine trees on appellee's ranch which Harry S. Kim identified as "Sun Grands." Three years previously appellant Harry S. Kim had allegedly seen two trees budded to "Sun Grands" at "Hunter's place," across the road from the ranch of appellee Hagler (which Hunter orchard Hagler was caring for). In 1954 Hagler showed certain fruit to Harry S. Kim claiming they were a sport.

On July 23, 1957, the Kim partnership filed this action. On September 4, 1957, defendant filed his answer thereto, and on October 28, 1957, Hagler filed his application for the "Red King" variety, an alleged sport of and from the "Le Grand" variety and herein the accused plant.

On March 4, 1958, a pre-trial order was entered in this litigation listing exhibits and providing: "[E]ither party may introduce as evidence at time of trial exhibits other than those listed herein provided notice is given to the opposite party at least 20 days prior to the time of trial and opportunity is given to inspect said exhibit or exhibits."

On June 10, 1958, a patent (Red King No. 1718) was issued to appellee Hagler. Although counsel for appellee mentioned the fact of the issuance of the patent to opposing counsel in June 1958, no formal statement that Plant Patent No. 1718 was to be offered at the trial was made to appellant's counsel prior to the trial, which started November 4, 1958. When this deficiency was brought to the trial court's attention, he indicated the Red King Plant Patent No. 1718 was admissible, despite the lack of reference to it in the pre-trial order, but added that if appellant could show surprise, "I will give you time for rebuttal later on."

The court below found that the Sun Grand Plant Patent No. 974 was valid, had certain characteristics, but that there was no proof that plaintiff's patent tree had been grafted or budded to any tree of defendant's; that the fruit of defendant's trees was the result of a sport or deviant; that it was a new variety; that such Plant Patent No. 1718 differed from Sun Grand in (a) coloration of fruit; (b) coloration of pit cavity; (c) size and shape of fruit; (d) size and shape of pits; (e) difference in leaves as to shape, color and glands; that No. 1718 ripened five or six days earlier than Le Grand No. 549. As conclusions of law the court below found no infringement and no damage.

Appellant cites eleven specifications of error, but these are boiled down by appellant in both brief and oral argument to four "essential questions":

(1) Whether defendant's patent No. 1718 should have been admitted;

(2) Whether the claims and specifications of defendant's patent No. 1718 covered the defendant's accused nectarine;

(3) Whether the defendant's patent No. 1718 should be entitled to a presumption of validity, and if so, the relevance of that presumption in this litigation;

(4) Whether defendant's accused nectarine is substantially different from plaintiff's patented nectarine and hence does not infringe.

We shall consider each in turn.

### I.

Appellant points out that there existed sharply conflicting evidence as to difference or substantial identity between the two nectarines involved; and that while appellant's expert had testified such a sport was impossible, defendant's expert testified it was possible.

With the record in such a state, the fourth "essential question" presented by appellant is answered. The trial court was privileged and required to determine which witnesses, both lay and ex-

pert, were to be believed. Hearing the testimony, he was in a better position than this Court is to determine where the truth lies. He saw color slides which this Court has not seen. His determination cannot be disturbed by this Court unless clearly erroneous. Fed.R.Civ.P. 52(a), 28 U.S.C. Fairchild v. Poe, 5 Cir., 1958, 259 F.2d 329. The mere recital by appellant of the fact of conflict establishes not that there was a lack of any evidence, but a conflict in evidence. Appellant urges his experts had more expertness, but we cannot so hold as a matter of law. Equity Oil Co. v. National Fire Ins. Co. of Hartford, 10 Cir., 1957, 247 F.2d 393, 395; Trowbridge v. Abrasive Co. of Philadelphia, 3 Cir., 1951, 190 F.2d 825, 829.

■ An examination of the evidence discloses this conflict as to difference exists (a) as to both novelties claimed in Plant Patent No. 1718, *i. e.*, a ripening five or six days earlier than "Le Grand" (Plant Patent No. 549), and a higher red coloring of skin than "Le Grand;" (b) whether these same alleged novelties existed in comparison with the accused "Sun Grand" (Plant Patent No. 974); and (c) whether the size of Red King is greater than Sun Grand. Testimony as to respective color and size was introduced, and defendant produced examples of the actual fruit in the court below. Plaintiff produced no fruit. Photographs of such fruit, introduced by defendant below, is in this record on appeal. These show *differences* in color and size. Whether there is a *sufficient difference* to avoid infringement is a question of fact, determined adversely to appellant by the district court. This determination we will not disturb.

## II.

■ But appellant urges that the introduction of the defendant's patent at the trial was error—or at least that the manner of its introduction was "irregular."

By paragraph V of the pre-trial order, entered March 3, 1958, the exhibits to be introduced at the trial were listed.

Other exhibits were to be introduced at the trial, if twenty days notice and an opportunity to inspect such exhibits were given opposing counsel.

No reference in the order was made to Plant Patent No. 1718. Of course, from our chronology hereinbefore listed, we know the patent had been applied for after suit was filed but that the patent had not been granted before the pre-trial hearing or order, for Plant Patent No. 1718 was not issued until June 10, 1958. That fact of issuance was "casually mentioned on the phone to plaintiff's counsel in June, 1958."

When the admissibility of Plant Patent No. 1718 arose below, the trial judge pointed out that by the pleadings defendant had denied that his accused fruit was covered by the appellant's plant patent, and hence the *fact* of the issuance of defendant's patent was not essential to defendant's defense—a *difference* between the two plants was. The court further advised appellant's counsel that if he were taken by surprise, the court would give him time for rebuttal "later on," but "would not interrupt the trial or continue it at the present time."

Appellant relies on 35 U.S.C. § 282, which reads in part:

"* * * In actions involving the validity or infringement of a patent the party asserting invalidity or non-infringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, except in actions in the United States Court of Claims, as showing the state of the art, and the name and address of any person who may be relied upon as the prior inventor or as having prior knowledge of or as having previously used or offered for sale the invention of the patent in suit. In the absence of such notice proof of the said matters may not be made at

the trial except on such terms as the court requires."

As the judge below pointed out, this action being tried did not involve the validity or infringement of Red King Plant Patent No. 1718, but of Sun Grand Plant Patent No. 974. A *subsequent* use, filing and patent (No. 1718) would not defeat the validity of *prior* use and filing. Noble Co. v. C. S. Johnson Company, 7 Cir., 1957, 241 F.2d 469, 479; Helene Curtis Industries v. Sales Affiliates, 2 Cir., 1956, 233 F.2d 148, 155–156. Red King, patented after Sun Grand, could not establish *anticipation* of the patent in suit, nor the state of prior art. Nor was any attempt made to use it for such purpose.

But even if we were to assume a formal notice of the existence of Red King Plant Patent No. 1718 was required under the statute quoted for the purpose or purposes hereinabove mentioned, the statute itself gives the trial court power to admit such a patent on such terms as the court thinks proper.[2] The doing of it here is charged as an abuse of judicial discretion. In view of (a) the informal notice to appellant's counsel immediately after its issuance; (b) the offer of the court to continue the trial if any surprise existed; and (c) the failure of the appellant to ask for any continuance, at any time during the trial, we can only conclude there was no abuse of the judicial discretion granted by the statute relating to the admission of such evidence. We find no basis for claim of error with respect to the admission of Red King Plant Patent No. 1718.

### III.

Appellant attacks the action of the court in invoking the presumption of the validity of defendant's Plant Patent No. 1718. The validity of this patent was not in issue in this case, nor was it determined by the trial court. A presumption of validity does exist on every patent regularly issued by the Patent Office, and continues until it expires or is judicially determined invalid. This is granted by appellant, but counsel urges this patent (No. 1718) was *not* regularly issued, and seeks to go outside the record to prove it. (Appellant's Brief, p. 18.) The trial court, says appellant, "seems" to presume a lack of infringement because of defendant's patent and its presumption of validity. Nowhere in the court's findings or opinion is a presumption of *lack of infringement* of one patent because of the presumption of *validity* of another stated or endorsed. The trial court held that a presumption of validity existed as to each patent (Nos. 974 and 1718) and then, *on the facts* decided No. 1718 covered a different plant than No. 974. One factor in that determination was the Patent Office's determination that Red King "had sufficient new characteristics to amount to invention," but the trial judge also held categorically and specifically that "*the evidence in the record* confirms the correctness of the determination of the Patent Office." (Emphasis added.) We find no error by the trial court with respect to any presumption of validity.

### IV.

We find no merit in appellant's last point as to whether the claims of appellee's patent No. 1718 covered appellee's accused nectarine. This issue of the validity of No. 1718 (beyond the presumption of validity hereinabove discussed) was not in the case, and no attempt was made to decide it.

Finding no error in any of the particulars specified, the judgment is affirmed.

---

2. " * * * In the absence of such notice proof of such matters may not be made at the trial *except on such terms as the court requires.*" (Emphasis added.) 35 U.S.C. § 282 (1958).