EATON CORPORATION, Appellant,

v.

APPLIANCE VALVES CORPORATION, Thomas R. Krzewina, William R. Donahue, Jr., David F. Miller, and Design & Manufacturing Corporation, Appellees.

Appeal No. 85–2406.

United States Court of Appeals, Federal Circuit.

April 30, 1986.

Christopher B. Fagan, Fay, Sharpe, Fagan, Minnich & McKee, Cleveland, Ohio, argued for appellant.

David M. Mattingly, Ice Miller Donadio & Ryan, Indianapolis, Ind., Albert E. Strasser, Frost & Jacobs, Cincinnati, Ohio, and Joseph T. Bumbleburg, Ball Eggleston Bumbleburg & McBride, Lafayette, Ind., argued, for appellees. With them on brief were Michael A. Wukmer, Ice Miller Donadio & Ryan, Indianapolis, Ind., Thomas W. Eggleston, Ball Eggleston, Bumbleburg & McBride, Lafayette, Ind. and Peter D. Shaw, Shaw & Wilhote, Connerville, Ind.

Before MARKEY, Chief Judge, COWEN, Senior Circuit Judge, and ARCHER, Circuit Judge.

MARKEY, Chief Judge.

Eaton Corporation (Eaton) appeals from a judgment of the United States District Court for the Northern District of Indiana,[1] holding its counts of misappropriation, breach of employment contract, breach of fiduciary duties, unfair trade practices, and interference with contractual relationships, unsupported by the evidence, and holding its United States Patent No. 4,387,878 to Zukausky ('878 patent) invalid for obviousness and not infringed. We affirm.

*Background*

### 1. Prior Proceedings

For a detailed description of the relationship of the parties, see the published opinion of the district court after the hearing on Eaton's motion for preliminary injunction in this case. *Eaton Corp. v. Appliance Valves Corp.*, 526 F.Supp. 1172, 217 USPQ 371 (N.D.Ind.1981), *aff'd*, 688 F.2d 842 (7th Cir.1982).

Briefly, defendants Krzewina, a sales engineer, and Donohue, a supervisory engineer, both left employment with Eaton in November, 1980, to form Appliance Valves Corporation (AVC), a defendant here.

In mid-1981, Eaton sued all three defendants in federal court because of diversity. Eaton's complaint contained three state law counts: 1) misappropriation of trade secrets; 2) breach of contract not to disclose trade secrets; and 3) conspiracy to misappropriate trade secrets.

The district court denied Eaton's motion for preliminary injunction and Eaton appealed. The United States Court of Appeals for the Seventh Circuit, in an unpub-

---

1. 634 F.Supp. 974 (N.D.Ind.1984).

lished opinion, affirmed the denial of the injunction and remanded for further proceedings.

Eaton was granted leave to file an amended complaint, in which it added defendants Design & Manufacturing Corp. and David F. Miller, and added counts: 4) breach of fiduciary duty of loyalty and fidelity; 5) unfair competition; 6) conspiracy to misappropriate confidential information; 7) alleged interference with contractual relations; and 8) patent infringement.[2] Defendants-appellees (collectively AVC) denied the allegations and asserted that the patent was invalid for, *inter alia*, obviousness under 35 U.S.C. § 103.[3]

The district court held for AVC on all issues. With respect to breach of fiduciary duties, the court stated that

> [t]he proofs actually offered on this subject fall short of the mark under the authorities cited [in the Seventh Circuit opinion] and other cases cited.... The conduct of Krzewina and Donahue while not puristically ideal falls far short of the kind of egregious conduct found in [*ABC Trans National Transport, Inc. v. Aero-*

*nautics Forwarders, Inc.*, 62 Ill.App.3d 671, [20 Ill.Dec. 160], 379 N.E.2d 1228 (1st Dist.1978)].... There is a simple failure of proof on this issue.

634 F.Supp. at 983–84.

Regarding misappropriation of trade secrets and confidential information, the court concluded:

> The additional evidence presented at trial demonstrates that all Donahue removed from the Eaton files were clean copies of patents, i.e., patent information readily available to the public. Moreover, the actual copies of the patents delivered to [one of defendants' attorneys] for evaluation are devoid of Eaton notations or Eaton summaries for five years and the notes on the patents were not made from Eaton files. This evidence simply does not support Eaton's allegation that Donahue inspected and copied patent materials from ... Eaton.

At 984. Moreover, the court concluded that the substantial similarity between Eaton's and AVC's valves was not remarkable and was attributable to the crowded nature

---

**2.** This was the '878 patent, disclosing and claiming a pilot operated valve assembly. The application was filed July 13, 1981 (after the original suit was filed), and the '878 patent was issued June 14, 1983 (after the remand).

**3.** This court has subject matter jurisdiction under 28 U.S.C. § 1295(a)(1) over the case, including dependent nonpatent issues. *Panduit Corp. v. All States Plastic Mfg. Co.*, 744 F.2d 1564, 1573, 223 USQP 465, 470 (Fed.Cir.1984); *Atari, Inc. v. JS & A Group, Inc.*, 747 F.2d 1422, 1429, 223 USPQ 1074, 1080–81 (Fed.Cir.1984). The situation here is one anticipated in *Atari*, 747 F.2d at 1428, 223 USPQ at 1077–78. In this case, the pleadings were not amended to include infringement until after a district court hearing and an appellate decision involving several state law counts.

Although neither party raised the issue, no longer "hypothetical," 747 F.2d at 1428, we resolve it in accordance with the guidelines prescribed in this court's opinions. To do so, we look to the circumstances surrounding the addition of the patent infringement claim to the complaint as well as the factors enumerated in *Atari*, 747 F.2d at 1429, 223 USPQ at 1077–78 (citing *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)) to determine the propriety of assuming jurisdiction over all of the claims in this appeal. *See*

*Bandag, Inc. v. Al Bolser's Tire Stores, Inc.*, 750 F.2d 903, 223 USPQ 982 (Fed.Cir.1984). There is no suggestion that the infringement claim is baseless or frivolous or that its addition to the complaint was a tactical procedural maneuver. The '878 patent *issued* only after the first district court hearing, the appeal and remand, and the district court found the patent claim sufficiently related to the others to warrant inclusion in the complaint. Thus, the requirement for a "bona fide patent claim" is met. *Panduit Corp.*, 744 F.2d at 1573, 223 USPQ at 470. The present situation is indistinct from that which would have obtained if Eaton had sued separately on its patent when it issued, and its pending state law action were then consolidated with that separate suit. The district court thoroughly analyzed the proposed amendments because of AVC's assertion that some of the later-added state law claims were barred by the statute of limitations. 634 F.Supp. at 982–83. It determined that the amendments had the force and effect of having been originally pled together for the purposes of the trial. Bifurcation of appeals, *Atari*, 747 F.2d at 1434–35, 223 USPQ at 1083, serves neither justice nor judicial efficiency. This court possesses appellate jurisdiction over the whole of the case.

of the art and the necessity for applying industry standards to all valves.

On patent validity, the district court found that although the '878 patent claims 1–3 " 'reads on' the Ostrowski patent disclosure and the Singer valve," 634 F.Supp. at 981, it declined to find that "the Ostrowski ... patent fits squarely and unequivocally into a § 102 mold." At 988. However, the court held that AVC carried its burden of proving facts requiring a conclusion that the Zukausky invention would have been obvious from the prior art.

The district court heard extensive testimony on infringement, specifically crediting the testimony of two defense witnesses, and concluded that no valve falling within the ambit of the '878 patent claims was made, used, or sold by AVC after the issuance of the '878 patent. At 634 F.Supp. at 989–90.

On appeal, Eaton challenges each aspect of the judgment, asserting *inter alia* that reversal is required because the district court refused to draw an inference from a destruction of documents, and because the district court admitted into evidence a reference not noticed in accord with 35 U.S.C. § 282, third paragraph.

## ISSUES

1) Whether the district court erred in concluding that a destruction of documents was harmless; and 2) whether the district court abused its discretion in admitting into evidence a prior art reference not explicitly noticed under 35 U.S.C. § 282.

## OPINION[4]

### Introduction

Eaton's briefs reflect a total misunderstanding of the appellate process. The district court entered a 10-page set of Findings and Conclusions in denying Eaton's motion for a preliminary injunction. Following trial, the court entered a 38-page Memorandum and Order containing its Findings and Conclusions supported by detailed discussion of the evidence and of the court's reasoning. Eaton's briefs quote carefully edited portions of the testimony, distort and misinterpret testimony, and make assertions of fact on which no evidence was presented at trial.[5] Eaton asks this court to disbelieve AVC's witnesses and to reweigh the evidence. Indeed, Eaton's briefs expressly request *this* court to make nine fact findings set forth in those briefs. Finally, Eaton requests that this court issue an injunction.

Thus, Eaton's briefs reflect the notion that an appeal is a second chance to try the case. That approach is both wrong and wasteful of judicial resources. Eaton's appeal escapes frivolity only because it raises the two issues listed above, which are of first impression in this court. Though, as we shall see, Eaton fails to show error or abuse of discretion in relation to those issues, the absence of precedent in this court on those issues is sufficient to preclude our considering the appeal entirely frivolous.

The two issues of first impression are discussed below. It is not necessary to discuss any of the many other issues raised in Eaton's briefs. With respect to those

---

**4.** *Panduit Corp., supra* note 3, dictates that the state law issues are controlled by state law, to the extent the state has spoken. In this case, the district court applied the conflict of laws rules of the state in which it was sitting, Indiana. It concluded that in Indiana, the law to be applied to the state law tort and contract claims is that of Indiana, as the state in which the alleged torts occurred. *Eaton Corp.*, 526 F.Supp. at 1177, 217 USPQ at 374–75.

**5.** For example, Eaton argues that AVC failed to design a satisfactory valve and that AVC "copied" Eaton's valve. The district court found to the contrary and Eaton makes no showing that

those findings were clearly erroneous. Eaton nevertheless says those "facts" constitute objective evidence of nonobviousness and goes on to argue reversible error in the court's statement that it "need not dwell too long on the subject of secondary considerations because of the aforesaid basic finding of obviousness under § 103." It is apparent, however, from the court's continuing and correct statement (not quoted or discussed by Eaton) that "these secondary considerations are absent," 634 F.Supp. 989–90, that the court did *not* disregard the objective evidence. A court cannot be charged with failure to consider nonexistent evidence.

issues, we affirm on the basis of the district court's Memorandum and Order of May 3, 1985.

### (1) Destruction of Documents During Discovery

The trial court correctly determined that Eaton did not carry its burden on the trade secret or confidential counts, because it did not prove that the property allegedly misappropriated was protectable either as a trade secret or as confidential. However, Eaton argues on appeal that AVC's destruction of documents raises an inference of guilt not overcome in this case by AVC.

The destruction of one or more documents was first brought to light by AVC's own counsel. In a September 16, 1981, letter to Eaton's counsel, AVC's counsel stated after some introductory remarks:

> As you know, the original of the January 23, 1980 quotations to Design & Manufacturing Corporation by Circle Plastics Products, Inc. [ (a potential manufacturer of the AVC valves) ] were produced by Defendant Appliance Valves Corporation at the deposition of Thomas Krzewina on July 30, 1981, and were identified as Exhibit 13, pages 20 and 21. Copies of these documents in the Circle Plastics Products, Inc. file were improperly destroyed at the request of David Miller. Exhibit 98, which was produced at the time of the deposition of Dale Minor ... was a created document which Circle Plastics Products, Inc. placed in its files. The destruction and creation was done without knowledge of counsel for Defendants.

The district court noted the incident in its opinion, having also been informed by AVC's counsel on September 16, 1981, and did not consider the document destruction dispositive on the issue of liability.

■ The law with respect to inferences to be drawn from a party's act of spoliation was enunciated in *S.C. Johnson & Son, Inc. v. Louisville & Nashville Railroad Co.*, 695 F.2d 253, 258–59 (7th Cir.1982). *See A.C. Becken Co. v. Gemex Corp.*, 314 F.2d 839, 841 (7th Cir.), *cert. denied*, 375 U.S. 816, 84 S.Ct. 68, 11 L.Ed.2d 51 (1963).

Eaton points out that the test is whether the court could draw "from the fact that a party has destroyed evidence that the party did so in bad faith." 695 F.2d at 258. If a court finds that both conditions precedent, evidence destruction and bad faith, are met, it may then infer that the evidence would be unfavorable to the destroying party if introduced in court. However, Eaton fails to recognize that this test can not apply in the present case, where the evidence destroyed had been produced.

■ Eaton argues vigorously that intentional destruction of evidence mandates reversal, but we are satisfied that the trial court reasonably determined that the effect of the action was negligible, because the originals of the documents were, in fact, earlier produced by AVC during discovery. Eaton has not shown that the documents would have been critical or controlling on the issue of liability. We in no sense would condone the destruction of evidence, but we discern no error in the district court's conclusion that "Eaton has presented no additional evidence of appreciable significance to support its contentions as to trade secrets and confidential information." At 634 F.Supp. at 986. We agree that the document destruction was in this case harmless.

### (2) Late Notice of Prior Art

The district court correctly held that the '878 patent was invalid. However, Eaton argues on appeal that the prior art Ostrowski patent on which the district court relied was improperly received into evidence, because AVC had not given the notice required by 35 U.S.C. § 282, which provides:

> [¶ 3] In actions involving the validity or infringement of a patent the party asserting invalidity or noninfringement shall give notice in the pleadings or otherwise in writing to the adverse party at least thirty days before the trial, of the country, number, date, and name of the patentee of any patent, the title, date, and page numbers of any publication to be relied upon as anticipation of the patent in suit or, ... as showing the state of

the art, .... In the absence of such notice proof of the said matters may not be made at the trial except on such terms as the court requires.

■ The notice provision of section 282 traces its roots at least as far back as the Patent Act of 1836. In 1840, Justice Story explained its purpose as "to prevent patentees being surprised, at the trial of the cause, by evidence of a nature which they could not be presumed to know, or be prepared to meet, and thereby to subject them either to most expensive delays, or to a loss of their cause." *Philadelphia & Trenton Railroad Co. v. Stimpson*, 14 Pet. 448, 459, 39 U.S. 448, 459, 10 L.Ed. 535 (1840) (quoted in *Thermo King Corp. v. White's Trucking Service, Inc.*, 292 F.2d 668, 674, 130 USPQ 90, 93–94 (5th Cir.1961)). The objective of section 282's provision for advance notice is to prevent unfair and prejudicial surprise by the production of unexpected and unprepared-for prior art references at trial. *Shatterproof Glass Corp. v. Guardian Glass Co.*, 462 F.2d 1115, 1120, 174 USPQ 374, 377 (6th Cir.), *cert. denied*, 409 U.S. 1039, 93 S.Ct. 518, 34 L.Ed.2d 487 (1972); *Kim Bros. v. Hagler*, 276 F.2d 259, 263, 125 USPQ 44, 47 (9th Cir.1960); *C.S. Johnson Co. v. Stromberg*, 242 F.2d 793, 797 (9th Cir.1957). To this end, section 282 is to be read with the Federal Rules of Civil Procedure. *Kardulas v. Florida Machine Products Co.*, 438 F.2d 1118, 1123, 168 USPQ 673, 677 (5th Cir.1971); *Thermo King Corp.*, 292 F.2d at 674. Federal Rule 26 indicates Congress's clear intent that courts be permissive in the introduction of relevant evidence. *Heat & Control, Inc. v. Hester Industries, Inc.*, 785 F.2d 1017, 1024, 228 USPQ 926, 931 (Fed.Cir.1986).

■ Thus, notice of prior art must not be such as effectively to preclude an opportunity for the opposing party to prepare to address it at trial. Witnesses may have to review the document(s), and rebuttal evidence may have to be sought out and examined. The documents noticed to the opposing party may shape the course of the trial. *Thermo King Corp.*, 292 F.2d at 675.

■ What counts is notice of intent to rely. Therefore, as a general rule, merely mentioning a prior patent or publication in a pre-trial paper, and neglecting to indicate that it will be used at trial, does not normally constitute adequate notice. The intent and purpose of section 282's notice requirement is to avoid prejudice to the patent owner. Hence, the third paragraph of section 282 does not dictate an arbitrary or absolute rule barring introduction of relevant, material evidence on the purely formalistic fact that notice of reliance was lacking. *Kardulas*, 438 F.2d at 1123. Congress included language requiring the trial court to determine, in its sound discretion, whether a party has been deprived of an adequate opportunity to present its case, even though the dictate of the statute has not been followed, when it provided that proof may be made "on such terms as the court requires." *Henry Manufacturing Co. v. Commercial Filters Corp.*, 489 F.2d 1008, 1011–12, 179 USPQ 589, 591 (7th Cir.1972); *Sutter Products Co. v. Pettibone Mulliken Corp.*, 428 F.2d 639, 641, 166 USPQ 100, 101 (7th Cir.1970); *C.S. Johnson Co.*, 242 F.2d at 797–98. *See Fairchild v. Poe*, 259 F.2d 329, 333 (5th Cir.1958).

■ The boundaries of the district court's discretion are defined by unfair, prejudicial harm to a party deprived of an adequate opportunity to present its case. *Sutter Products Co.*, 428 F.2d at 641; *Thermo King Corp.*, 292 F.2d at 677. In this case, the district court determined that there had been, before trial, "substantial compliance with the letter and spirit" of the notice provision of section 282. At 634 F.Supp. at 987. Although the prior art references were not formally noticed to Eaton at least thirty days before the trial began, the district court noted:

A *more than adequate opportunity to present the issues on prior art were [sic] afforded to this plaintiff.* Specifically, the prior art dealing with the Ostrowski patent, the Singer valves and the

work of West [sic, Wes] Swanson were known by the plaintiff Eaton. The Ostrowski patent was itself provided to the plaintiff in plaintiff's deposition ... during the deposition of [Eaton's patent attorney]. The Singer valve as [sic, was] shown in pertinent respects in the preferred embodiment disclosure in the Ostrowski patent. Zukausky, the alleged inventor of this 878 patent, has been familiar with the Singer valve since at least 1981 and therefore during the pendency of his patent application as well as prior to the trial of this case. Zukausky has been familiar with the work of Wes Swanson since prior to conceiving the subject matter claimed in the 878 patent and therefore since the filing of that application. Zukausky was present at the trial of this case and was fully able and available to speak on these matters and issues and did so.

At 987 (emphasis added).

The Ostrowski patent was two pages of type and one of figures, and the witness Eaton asked to comment upon it (Eaton's patent expert Emhardt) was given sufficient time to read and review it. Moreover, Eaton could have, but did not, call upon its inventor Zukausky to distinguish his invention from the Ostrowski disclosure. In addition, Eaton and Zukausky knew or should have known of the Singer valve (identical to the preferred embodiment in the Ostrowski patent) because it had been a competitive valve on the market for over ten years. The valves involved in this case are simple and easily understood, as are the claims of the '878 patent. Eaton merely asks for reversal because it was not given notice of AVC's intent to rely on the Ostrowski patent thirty days before trial. It makes no effort to persuade us that the court's decision to admit the Ostrowski patent into evidence resulted in surprise or rendered Eaton incapable of adequately responding to the prior art. Accordingly, we affirm the district court's determination that "no prejudice whatsoever" resulted to Eaton, 634 F.Supp. at 987, and find no abuse of discretion in the court's admission of the Ostrowski patent.

## CONCLUSION

The judgment of the district court is in its entirety *affirmed.*[6]

AFFIRMED.

---

6. We deny as moot AVC's motion to strike portions of Eaton's reply brief and appendix.