945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles N. TUCKER, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
 No. 91-3019.
 United States Court of Appeals, Sixth Circuit.
 Sept. 30, 1991.
 
 Before MERRITT, Chief Judge, RALPH B. GUY, Circuit Judge, and SILER, District Judge.*
 MERRITT, Chief Judge.
 
 
 1
 In this diversity, products liability case, the plaintiff appeals the grant of a motion for directed verdict at the end of plaintiff's case-in-chief. Construing the evidence in a light that is most favorable to the plaintiff, Judge Rice held that the plaintiff's evidence was insufficient to allow the jury to find a design defect. We affirm his decision.
 
 
 2
 The plaintiff, then 82 years old, was attempting to leave a parking space in his car, an Oldsmobile Delta 88 manufactured by the defendant. It is undisputed, as the plaintiff testified at trial, that as the car moved a car length in reverse, it operated normally, until plaintiff prepared to straighten it. As he did so, the car accelerated quickly. The car struck a vehicle parked behind it. Plaintiff put the car into a forward gear. The car, accelerating rapidly, then drove forward through the vacated parking space, over a curb, and across a highway into a wall. There was no testimony by plaintiff that he pressed the accelerator hard, or any more than necessary to back out. Despite the lack of such testimony, the plaintiff's only expert witness proposed the existence of such proof. According to the expert testimony of William Rosenbluth, the plaintiff must have substantially depressed the accelerator for the car to have lurched as it did. This may have caused the engine's throttle linkage on its return to snag upon a HVAC heating hose behind the dashboard. Mr. Rosenbluth testified that this therefore kept the throttle open and prevented adjustment of the throttle.
 
 
 3
 The plaintiff sought to introduce at trial records regularly kept by General Motors disclosing instances of hose-throttle entanglement incidents in General Motors cars. After the defendant objected to the introduction of such evidence, the District Court's ruling disallowed the plaintiff's introduction of the reports, as the prior accidents lacked substantial similarity to the plaintiff's case.
 
 
 4
 The plaintiff also argues that the court should have drawn an adverse inference against defendant due to the spoliation of evidence. Experts from GM and plaintiff's insurance company examined the car shortly after the accidents. Neither found a defect in the car. After these initial investigations were conducted, the plaintiff's car was not seen again by either party until almost three years had passed. At that time, General Motors located the car in a Pennsylvania wrecking yard; the defendant's agents purchased the wreck and instructed the yard's owner not to strip the car or to otherwise alter it. When the plaintiff's and defendant's experts later sought to inspect the car, the accelerator pedal was missing. The District Court refused to grant the plaintiff's request to introduce spoliation evidence in light of the fact that the evidence presented did not establish either bad faith or exclusive care, control and custody on the defendant's part.
 
 
 5
 Interpreting the evidence most strongly in favor of the party against whom the motion is directed, thus requiring all reasonable inferences to be drawn in the light most favorable to the plaintiff, Grau v. Kleinschmidt, 31 Ohio St. 84, 509 N.E.2d 399 (1987), and Dupler v. Mansfield Journal Co., 64 Ohio St. 116, 413 N.E.2d 1187 (1980), the plaintiff's case is extremely weak, as Judge Rice concluded.
 
 
 6
 Not only did the plaintiff submit his own direct testimony as circumstantial evidence of how the accident occurred, he also submitted the expert testimony of Rosenbluth. The two are not consistent. Rosenbluth's opinion required the plaintiff to have pressed the accelerator pedal down hard. There is no testimony by plaintiff or other witnesses to this effect. How the accident happened is entirely speculative. The plaintiff may have hit the throttle rather than the brake by mistake. The throttle may have stuck. There is no evidence that a negligent design caused the accident. The expert's testimony is not based on the evidence and is purely speculative.
 
 
 7
 As Rosenbluth's testimony diverged directly from the evidence submitted by the plaintiff's own testimony, his expert opinion is baseless and was accordingly entitled to no weight. Calhoun, 738 F.2d at 132-33; Differential Steel Car Co. v. Macdonald, 180 F.2d 260, 269 (6th Cir.1950). Taking all evidence in the light most favorable to the plaintiff and giving his case the benefit of all favorable inferences, his evidence failed to establish a prima facie case of design defect. Judge Rice was correct in directing a verdict for the defendant.
 
 
 8
 The plaintiff's second issue on appeal challenges the district court's exclusion of evidence concerning prior occurrences or accidents. Since this evidence could not have filled the void in plaintiff's proof, resolution of this admissibility issue is not required here.
 
 
 9
 Based upon the defendant's efforts to secure the wreck of the automobile and the subsequent disappearance of the accelerator pedal, the plaintiff contends that the District Court erred in excluding evidence of the missing pedal and in not instructing the jury on spoliation of evidence. Judge Rice reasoned that insufficient evidence existed to show that intentional spoliation occurred, so the court refused to allow the jury to draw any inferences adverse to the defendant.
 
 
 10
 We have recognized that spoliation of evidence occurs along a "continuum of fault," from innocence through the varying degrees of negligence to intentional destruction. Likewise, a host of penalties may accompany the types of behavior manifested through this continuum. Welsh v. United States, 844 F.2d 1239, 1245-47 (6th Cir.1988). In general, a court may not allow an inference that a party destroyed evidence that is in its control, unless the party did so in bad faith. See, e.g., Eaton Corp v. Appliance Valves Corp., 790 F.2d 874, 878 (Fed.Cir.1986) (two conditions precedent are destruction of evidence and bad faith); Coates v. Johnson & Johnson, 756 F.2d 524, 551 (7th Cir.1985); S.C. Johnson & Son v. Louisville & Nashville Railroad Co., 695 F.2d 253, 258-59 (7th Cir.1982); Valentino v. United States Postal Service, 674 F.2d 56, 73 n. 31 (D.C.Cir.1982); and Vick v. Texas Employment Commission, 514 F.2d 734, 737 (5th Cir.1975) (bad faith, not merely negligence, must be manifested under the circumstances). The evidence here manifested no showing of bad faith on the part of the defendant, nor did it establish that the wreck of plaintiff's car was under the defendant's exclusive care, control and custody. The conditions for a claim of spoliation of evidence are absent.
 
 
 11
 Accordingly, the judgment of the District Court is AFFIRMED.
 
 
 
 *
 The Honorable Eugene E. Siler, Jr., Judge of the United States District Court for the Eastern District of Kentucky, sitting by designation