**Frank P. SLATTERY, Jr.,
et al., Plaintiffs,**

v.

**The UNITED STATES, Defendant.**

No. 93–280C.

United States Court of Federal Claims.

March 24, 2000.

---

Thomas M. Buchanan and Eric W. Bloom, Winston & Strawn, Washington, D.C., for plaintiffs. Peter K. Dykema, Winston & Strawn, Washington, D.C., of counsel.

W. Jefferson Hughes, John N. Kane, Jr., and Katherine M. Kelly, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, D.C., for defendant, with whom on briefs were David W. Ogden, Acting Assistant Attorney General, David M. Cohen, Director, and Henry R. Felix, Commercial Litigation Branch, Civil Division, Washington, D.C.

## OPINION AND ORDER

SMITH, Chief Judge.

### I. Introduction.

Plaintiffs brought a shareholders' derivative suit on behalf of Meritor Savings Bank to recover compensation for breaches of a regulatory contract with the Federal Deposit Insurance Corporation and the closure of the bank. On November 10 and December 9, 1992, the FDIC Board of Directors held meetings where Meritor was discussed. The instant dispute concerns the government's partial withholding of the minutes and complete withholding of the transcripts and the tapes of these meetings through most of the litigation in this case to date. The minutes were produced in two redacted versions, until the government made available a substantially unredacted version in the waning days of trial in January, 2000. The transcripts and the tapes were not produced until after trial, in February and March, 2000, respectively.

Plaintiffs contend that the government's failures to produce constitutes spoliation of evidence. Plaintiffs argue in their briefs that spoliation is proved when the Court finds destruction or alteration of potentially probative evidence that prejudiced the opposing party as a result of either bad faith or

negligence. At oral argument, plaintiffs maintained in the alternative that the government's privilege assertions, which lead to redactions, are themselves evidence of bad faith. Plaintiffs assert that the evidence contained in the documents is material, ask the Court to make adverse factual inferences on fourteen (14) different issues, and seek to bar the government from introducing any contrary evidence into the record.

Defendant argues that the spoliation standard in this Court requires bad faith, that bad faith cannot be established because the failures to produce resulted from inadvertence or plaintiff's lack of diligence in examining the privilege logs, and that plaintiffs were not prejudiced because they possessed the arguably similar Freedom of Information Act (FOIA) versions of the minutes from the *Hindes* litigation [1]. The Court now finds that the government's position reflects controlling law and that the facts do not warrant a finding of bad faith.

### II. Facts.

In the course of discovery in this case, the government produced copies of the minutes that were heavily redacted on the grounds of executive privilege. The production occurred in April of 1997, and, in all likelihood, during the tenure of the prior government counsel of record, Mr. Richard Rice. The November 10, 1992 minutes were designated as PX 480, and the December 9, 1992 were designated as PX 502. These same versions of the minutes were previously produced by the FDIC to Mr. Gary Hindes, one of the current plaintiffs, in the course of discovery in litigation he prosecuted in the U.S. District Court for the Eastern District of Pennsylvania. The version of the minutes originally produced in this case was already redacted during the *Hindes* litigation on grounds of other privileges, such as attorney-client and deliberative process. The government's current counsel, Mr. Jefferson Hughes, represented to the Court that his litigation file originally

---

1. The *Hindes* litigation involved several claims pertaining to closure of Meritor. Plaintiffs there sought, *inter alia*, declaratory and injunctive relief under the Administrative Procedure Act, various statutes governing the FDIC, and 42 U.S.C.

§ 1983 against the Pennsylvania Secretary of Banking, the FDIC–Corporate, the FDIC–Receiver, and numerous unnamed FDIC officials. All claims were dismissed. *See Hindes v. FDIC,* 137 F.3d 148 (3d Cir.1998).

contained only the version redacted for the *Hindes* litigation.

Plaintiffs and the government communicated several times during the summer of 1997 regarding privilege assertions for various documents, including executive privilege for the minutes. In its October, 1997 reply, the government specifically reaffirmed its claim of executive privilege to two documents. They were identified in the privilege logs as "transcripts" of the meetings, not minutes. Plaintiff's counsel, Mr. Eric Bloom, subsequently wrote to government counsel that the maintenance of executive privilege as to transcripts might necessitate a motion to compel. The minutes and the tapes were not mentioned in any log and were not addressed by Mr. Bloom. The parties never resolved the privilege issue prior to conclusion of discovery, because the government failed to answer Mr. Bloom or to move for a protective order to support the privilege. For their part, plaintiffs never moved to compel production.

Mr. Hindes also obtained different versions of the minutes in May of 1994 through FOIA requests to the FDIC (hereinafter FOIA minutes). The government held back certain portions of the FOIA minutes as exempt under the Government in the Sunshine Act, 5 U.S.C. § 552b(c)(8) (reports used by financial regulatory agencies) and (10) (information related to agency participation in civil litigation). Plaintiffs used the FOIA minutes in a 1994 filing, and defendant eventually adopted them as its own DX 676 and 677 in the spring of 1999. There are some differences in the text excluded from the FOIA minutes as compared with PX 480B and PX 502B. Parties are hotly contesting whether the differences between the redactions in the above two versions of the minutes reveal any material information.[2]

During the trial, plaintiffs first brought forward the discrepancies between FOIA and original versions of the minutes on November 3, 1999. They requested that the Court examine the minutes for accuracy of privilege assertions. The request was denied as belated. Plaintiffs ultimately used the FOIA min-

utes on January 18, 2000 in their cross-examination of Mr. Robert Hartheimer, and there again requested that the government produce the unredacted versions of the minutes so that the Court could ascertain the legitimacy of privilege assertions. Plaintiffs' counsel, Mr. Thomas Buchanan, again acknowledged that they, "in better diligence," should have moved to compel production before trial, but argued that they have since obtained more information which undermines the privilege assertions.

Upon review of the documents at the Court's insistence, the government agreed to waive the privilege and provided the substantially unredacted minutes, designated as PX 480B and PX 502B, on January 19 and 21, 2000. The government produced the transcripts on February 11, 2000, and the tapes on March 15, 2000.

### III. Discussion.

 Spoliation refers to the destruction or withholding of critically probative evidence resulting in prejudice to the opposing party. *See Hardwick Bros. Co., II v. United States,* 36 Fed.Cl. 347, 416 (1996). Under the principle of *omnia praesumuntur contra spoliatorem,* or "all things are presumed against a despoiler or wrongdoer," the appropriate sanctions traditionally include the drawing of adverse factual inferences. BLACK'S LAW DICTIONARY 1086, 1401 (6th ed.1991); *see also* RCFC 37(b)(2)(A) (allowing for negative inferences to sanction discovery violations) and (B) (precluding introduction of contrary evidence). This negative presumption is justified "[w]here relevant evidence is within the control of the party to whose interest it would naturally be to produce it and he fails to do so, without satisfactory explanation, and produces no evidence or weaker evidence." *INA Aviation Corp. v. United States,* 468 F.Supp. 695, 700 (E.D.N.Y.1979).

 The parties disagree on whether bad faith is necessary to find spoliation, or whether mere negligence or unintentional conduct would suffice. There is an acknowledged jurisdictional split on the necessity of bad

---

**2.** The Court notes that the FOIA and the PX 480B versions of the November minutes are practically identical. Accordingly, the dispute as to those minutes is moot.

faith. *Compare, e.g. S.C. Johnson & Son, Inc. v. Louisville & Nashville R.R. Co.*, 695 F.2d 253 (7th Cir.1982), *Vick v. Texas Employment Comm'n*, 514 F.2d 734 (5th Cir. 1975), *and INA Aviation Corp. v. U.S.*, 468 F.Supp. 695 (E.D.N.Y.1979) (all requiring bad faith), *with Sacramona v. Bridgestone/Firestone, Inc.*, 106 F.3d 444 (1st Cir. 1997) *and Turner v. Hudson Transit Lines, Inc.*, 142 F.R.D. 68 (S.D.N.Y.1991) (all allowing application of sanctions for negligence). However, in this Circuit, bad faith is an indispensable element of the spoliation doctrine, as opposed to mere negligence or unintentional conduct. *See Hardwick Bros. Co., II*, 36 Fed.Cl. 347, 416–417 (1996) (citing *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874 (Fed.Cir.1986)). Thus, plaintiffs' reliance on negligence case law is misplaced here.

■ Bad faith must, of course, be inferred from "the totality of the circumstances." *S.C. Johnson & Son, Inc.*, 695 F.2d 253, 259 (7th Cir.1982). Here, plaintiffs alleged bad faith on part of government officials responsible for assertion of executive privilege. Such allegations run contrary to the long-standing presumption of good faith of public officials in performance of their duties. The presumption may be reversed only with "irrefragable proof" of animus, or specific intent to injure, the plaintiff. *Green Management Corp. v. United States*, 42 Fed. Cl. 411, 439 (1998) (citations omitted). Specifically, in discovery disputes, bad faith may be inferred from "personal contumacious behavior by . . . counsel," but not from the Court's mere disagreement on the ultimate merits of the party's claim or defense related to the evidence. *Ingalls Shipbuilding, Inc. v. United States*, 857 F.2d 1448, 1451 (Fed. Cir.1988).

It should be noted at the outset that the Court does not cast any professional criticism on any counsel in this matter. This has been long, complex, and factually intensive litigation. While in hindsight a lack of diligence might appear, neither party, nor its counsel, can be faulted for the decisions they made at the time. Counsel cannot do everything. Their allocation of resources was not unreasonable, nor even incorrect. The Court witnessed a highly professional handling of this litigation by all counsel for each side. Therefore, it would normally be both unjustified and arrogant for the Court to critique strategic and tactical decisions made during discovery and trial preparation. The Court notes its post-hoc analysis here only so that it may decide the relative merits of this Motion. A lack of diligence to the matter herein was perhaps even correct. However, the Court must consider it relative to the relief requested.

■ The facts here are far from scaling the required high threshold of proof. Rather, this is a case of mutual neglect by both parties to adequately resolve the privilege dispute in advance of trial, as contemplated by the Amended Protective Order of December 30, 1996. To begin with, the government should have identified the items subject to privilege in a manner that avoided confusion and included all the privileged items on the log. After Mr. Bloom questioned the privilege as to transcripts in 1997, Mr. Hughes should have responded with an offer of resolution or moved for a protective order within 30 days of the challenge. Instead, the challenge was unanswered. Plaintiffs compounded the government's lapse of diligence by their own failure to follow through with the motion to compel, a standard discovery resolution technique available under RCFC 37(a).

Plaintiffs' real grievance goes to the substance of the privilege assertions, and, indeed, the government may well have been wrong on the law of privilege. However, it is inappropriate to make that determination in the context of this dispute. *See Ingalls Shipbuilding, Inc.*, 857 F.2d at 1451. At oral argument, the government demonstrated that the material redacted or withheld at least arguably implicated executive privilege and deliberative process concerns. This showing is sufficient to overcome the accusations of bad faith. Moreover, the government ultimately waived the privilege and produced all the materials, hardly a gesture of animus towards the plaintiffs.

## IV. Conclusion.

Plaintiffs were unable to demonstrate to the Court that the government withheld evi-

dence for reasons other than inadvertence and mutual oversight by the parties. Plaintiffs' Motion for Court to Draw Adverse Inferences Due to Spoliation of Evidence is accordingly DENIED. However, the Court is willing to allow the parties to depose and call additional witnesses to avoid any potential prejudice from the belated production of the subject evidence. This issue will be addressed along with the issue of post-trial briefing at the telephone status conference on Tuesday, April 4, 2000, at 4:00 p.m.

It is so ORDERED.