**COLUMBIA FIRST BANK, FSB, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 95–510 C.**

United States Court of Federal Claims.

Aug. 26, 2003.

---

Mary C. Gill, with whom were William T. Plybon, and Craig H. Kuglar, Atlanta, GA, for plaintiff.

Brian L. Owsley, with whom were Stuart E. Schiffer, Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Civil Division, United States Department of Justice, Washington, DC, for defendant. Gary Dernelle, of counsel.

## OPINION

HEWITT, Judge.

Before the court is Defendant's Motion in Limine Regarding an Adverse Inference for Plaintiff's Loss of Relevant Documents (Def.'s MIL or defendant's Motion). Defendant has previously asked this court to dismiss plaintiff's case based on the loss of these documents. *See Columbia First Bank, FSB v. United States,* 54 Fed.Cl. 693 (2002). The court found that bad faith is an indispensable part of the spoilation doctrine in this circuit and, because there was no evidence of bad faith in this case, decided that plaintiff's action could not be dismissed. 54 Fed.Cl. at 703. Defendant now requests the court to impose a less drastic sanction for the loss of relevant documents. Def.'s MIL at 2. Because the court finds that a finding of bad faith is necessary for the spoilation doctrine to apply, to support either a dismissal of a case or the imposition of lesser sanctions, the court DENIES defendant's Motion.

Defendant specifically requests the court to "find that the requisite foundation exists to support an adverse inference throughout trial whenever it becomes necessary to place the Government in the same position to defend against Columbia First's lost profits claim as it would have been if the documents had been preserved by Columbia First." Def.'s MIL at 2. Defendant acknowledges, however, that "[a]t this juncture, [defendant is] unable to propose more specific adverse inferences given that [defendant is] uncertain of precisely the type of case that plaintiff will present at the trial of this matter." Defendant's Reply to Plaintiff's Response in Opposition to Defendant's Motion *In Limine* Regarding an Adverse Inference for Plaintiff's Loss of Relevant Documents (Def.'s Reply) at 1 n. 1. Defendant argues that this is not fatal, however, because "[t]he inference ... does not necessarily apply to any specific fact in the cause, but operates indefinitely though strongly, against the whole mass of alleged facts constituting [plaintiff's] cause [of action]." Def.'s MIL at 11 (quoting 2 John H. Wigmore, *Evidence in Trials at Common Law* § 278(2) (1979)). Defendant also quotes plaintiff's counsel at length from the transcript of the oral argument on liability held on October 30, 2002. *See* Transcript of Oral Argument held on October 30, 2002(Tr.) at 9–10. Defendant argues that plaintiff, in opposing dismissal based on the loss of documents, conceded that an adverse inference was an appropriate remedy. *See id.* at 9. According to defendant, "Not only does Columbia First's counsel explain that an adverse inference is the correct sanction, but [plaintiff's counsel] further explains that such an inference is reasonable because the [c]ourt could infer that the lost documents were not helpful to Columbia First's damages claims." *Id.* at 10.

Defendant further argues that it is entitled to an adverse inference because it has laid a "suitable foundation." *Id.* at 11 (quoting *Testa v. Wal–Mart Stores, Inc.,* 144 F.3d 173, 177 (1st Cir.1998)). This "suitable foundation" consists of proving by a preponderance of the evidence that plaintiff a) knew of the litigation or the potential of litigation, and b) knew of the potential relevance of the documents to the claim. *Id.* (citing *Testa,* 144 F.3d at 177). Defendant cites to this court's January 29, 1996 order, which provides that no documents reasonably related to the issues in this case be destroyed, to show that plaintiff had notice of the litigation well in advance of losing the 31 boxes at issue. *Id.* at 12 (citing court's January 29, 1996 order (Appendix to Defendant's Motion in Limine Regarding an Adverse Inference for Plaintiff's Loss of Relevant Documents (Def.'s

App.) at 2)). As to the potential relevance of the documents, defendant argues that "[i]t is well established, based upon other *Winstar*-related cases, that these lost documents are of the type that the Government regularly relies upon in defending [lost profits] claims." Def.'s Reply at 1. To bolster this argument, defendant points to the court's November 13, 1995 order that "[d]iscovery needed for [damages] issues presumably is in the plaintiff's hands." Def.'s MIL at 12–13 (citing court's November 15, 1995 order (Def.'s App. at 1)).

Plaintiff counters that this issue remains one of the application of the spoliation doctrine. *See* Plaintiff Columbia First Bank's Response in Opposition to Defendant's Motion *In Limine* Regarding the Loss of Documents (Pl.'s Resp.) at 2–4. Because this motion is based on an application of the spoliation doctrine, exactly the issue that was decided by the court in its December 17, 2002 opinion, plaintiff argues that the terms of that opinion are now dispositive of defendant's motion. *Id.* at 2. In its December, 2002 opinion, the court found that "there must be a showing of bad faith before plaintiff can be sanctioned under the spoliation doctrine for the loss of documents." *Columbia First*, 54 Fed.Cl. at 703. The court further found that there was no evidence of bad faith in this case, and therefore the spoliation doctrine could not be used to dismiss the case. *Id.* at 704.

■ The court finds unpersuasive defendant's arguments that there is a different standard for this motion because it is asking for the court to draw an adverse inference rather than to dismiss the case. *See* Def.'s MIL at 10–11. As plaintiff correctly points out, one of the cases relied on by this court in its earlier opinion was *Slattery v. United States*, 46 Fed.Cl. 402 (2000). Pl.'s Resp. at 3–4; *Columbia First*, 54 Fed.Cl. at 703. In *Slattery*, a case addressing a motion to draw an adverse inference, this court found that bad faith was an essential element of spoliation. *Slattery*, 46 Fed.Cl. at 405. In addition, this court stated in *Hardwick Brothers Co. v. United States*, 36 Fed.Cl. 347 (1996), that "courts will not draw this negative inference if the evidence was unintentionally or even negligently destroyed or the destruction

can be satisfactorily explained." 36 Fed.Cl. at 417. This court agrees that in order to draw an adverse inference based on the alleged spoliation of documents, the elements of the spoliation doctrine must be met. One of those essential elements is bad faith, which has not been shown in this case. *Columbia First*, 54 Fed.Cl. at 703. That finding is subject, of course, to the presentation by defendant at trial of evidence supporting a finding of bad faith.

■ Nor does the court find persuasive defendant's argument that the requirement of bad faith articulated by the United States Court of Appeals for the Federal Circuit in *Eaton Corp. v. Appliance Valves Corp.*, 790 F.2d 874 (Fed.Cir.1986), should not serve as persuasive authority in this case. Def.'s Reply at 2–3. The court recognizes, as it noted in addressing defendant's previous motion, that *Eaton Corp.*, establishing the bad faith requirement in this circuit, was a patent case and therefore applied the law of another circuit in the matter of spoliation. *Columbia First*, 54 Fed.Cl. at 703. But the court also found that despite the fact that the Federal Circuit was applying the law of another circuit at that time, *Slattery* and *Hardwick Brothers* support the view that the spoliation rule in *Eaton Corp.* has become the settled law of this court. *Id.* Defendant did not move the court to reconsider its opinion when it was issued, and the court does not believe there is any basis to reconsider it *sua sponte* now.

Because bad faith is an essential element of the spoliation doctrine that must be present for an adverse inference to be drawn from spoliation, and bad faith has not been shown in this case, defendant's Motion is DENIED. The court does note, however, that at trial defendant may present testimony as to the effect of the loss of these documents on the preparation of its defense. The court may consider at that time whether the loss of the documents affects the weight of the evidence supporting plaintiff's claims and/or defendant's defenses.

IT IS SO ORDERED.