# United States Court of Appeals
## For the Eighth Circuit

_____

No. 13-1153
_____

United States of America

*Plaintiff - Appellee*

v.

Thirplus Moose

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City
_____

Submitted: August 28, 2013
Filed: September 11, 2013
[Unpublished]
_____

Before LOKEN, COLLOTON, and KELLY, Circuit Judges.
_____

PER CURIAM.

Thirplus Moose appeals the sentence that the district court[1] imposed upon his guilty plea to conspiracy to commit armed bank robbery and attempted armed bank

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri.

robbery, to use and carry a firearm during and in relation to a crime of violence, and to engage in carjacking (Count 1); to armed bank robbery and forcible restraint (Count 2); and to use or discharge of a firearm during a crime of violence causing murder (Count 5). Seeking leave to withdraw, Moose's counsel has filed a brief under Anders v. California, 386 U.S. 738 (1967), challenging the length of the sentence because it was imposed at the top of the sentencing range agreed upon by the parties in their Federal Rule of Criminal Procedure 11(c)(1)(C) plea agreement. Moose has not filed a pro se brief, despite being granted two extensions of time to do so. He now moves for additional time to "amend" his appeal. We deny the motion. Moose was told that this court would grant no further extensions of time to file a brief, and further, he does not specify what issues he would raise.

As to the appeal itself, we note that the plea agreement in this case contains a waiver of Moose's right to appeal his conviction and sentence. We will enforce the appeal waiver, because (1) the argument raised on appeal falls within the scope of the sentence-appeal waiver, which applies unless the sentence is challenged based on ineffective assistance of counsel, prosecutorial misconduct, or illegality; (2) the record reflects that Moose entered into both the waiver and the plea agreement knowingly and voluntarily; and (3) no miscarriage of justice would result from enforcing the waiver. See United States v. Andis, 333 F.3d 886, 889-92 (8th Cir. 2003) (en banc). We have independently reviewed the record under Penson v. Ohio, 488 U.S. 75 (1988), and find no nonfrivolous issues for appeal outside the scope of the appeal waiver. Accordingly, we grant counsel's motion, deny Moose's motion, and dismiss the appeal.

_____