# In the United States Court of Federal Claims

No. 22-1699C

(Filed: April 24, 2023)

**NOT FOR PUBLICATION**

| | |
|---|---|
| **THIRPLUS TINO MOOSE BEY,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| **v.** | ) |
| | ) |
| **THE UNITED STATES,** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## ORDER

On November 14, 2022, Plaintiff, Thirplus Tino Moose Bey, a federal prisoner in Bastrop, Texas, proceeding *pro se*, filed a complaint against Defendant, the United States, in this Court. ECF No. 1 ("Compl."). Therein, Plaintiff alleged that he entered into a "novation agreement" with the government that "extinguished" his federal plea agreement. *Id.* at 2, 5. Because the government did not respond to Plaintiff's "notice of novation" within seven days, as the "notice" stipulated, Plaintiff alleged that the government was bound by the "agreement." *Id.* at 3–5. Thus, Plaintiff asserted that he was a victim of "a false imprisonment" and requested that this Court order his immediate release. *Id.* at 4–5, 8. He also requested "a hundred million dollars in lawful money immediately," per the "penalty clause" in the "agreement." *Id.* at 7–9.

On March 8, 2023, the Court dismissed, *sua sponte*, Plaintiff's complaint for lack of subject-matter jurisdiction pursuant to Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC"). ECF No. 14 at 3. The Court held that Plaintiff's complaint contained "no non-frivolous, non-conclusory allegations of fact . . . suggest[ing] that [Plaintiff] had a contract with the United States," *id.* at 4, and that Plaintiff's "breach of contract" claim was also barred by principles of *res judicata*, *id.* at 5. The Court further held that it lacked jurisdiction over Plaintiff's claims against federal officials, his tort claims, his claims founded on state law, and his request to be immediately released from federal prison. *Id.* at 3–4.

The Court also noted that Plaintiff had filed "at least fifteen similar complaints or appeals in other federal courts, almost all of which [were] dismissed for failure to state a claim or for lack of jurisdiction, often with a finding that his case is frivolous." ECF No. 14 at 5.[1] Indeed, the Court found that "Plaintiff's complaint here [was] no less frivolous than his others [previously] identified as such." *Id.* In accordance with the Court's opinion and order, the Clerk of the Court entered judgment dismissing Plaintiff's complaint on March 10, 2023. ECF No. 15.

Three weeks later, on March 31, 2023, Plaintiff filed a motion for reconsideration. ECF No. 16. Plaintiff devotes the entirety of the motion to rehashing his previous "breach of contract" claim, without alleging any new facts. *Id.* at 3–12. He spends several pages supporting the proposition that plea agreements are contracts, *id.* at 3–5, discusses his views on the Restatement (Second) of Contracts, *id.* at 6–9, and thereafter concludes that "[t]he Complainant has overwhelming [sic] established that this Honorable Court has jurisdiction pursuant to the Tucker Act," *id.* at 11.

Pursuant to RCFC 59, there are three reasons that a court may grant a motion for reconsideration:

> (A) for any reason for which a new trial has heretofore been granted in an action at law in federal court;
>
> (B) for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court; or

---

[1] *See, e.g.*, *United States v. Moose*, 529 F. App'x 807, 808 (8th Cir. 2013) (denying Plaintiff's appeal of his sentence, concluding that "the plea agreement in [Plaintiff's] case contains a waiver of [Plaintiff]'s right to appeal his conviction and sentence," and finding "no nonfrivolous issues for appeal outside the scope of the appeal waiver"), *cert. denied*, 572 U.S. 1040 (2014); *Moose v. Krueger*, No. 16-3954, 2017 WL 3597723, at *1 (7th Cir. Apr. 4, 2017) (affirming district court's decision to impose a fine and a filing bar after Plaintiff filed his third petition for a writ of habeas corpus, and finding that Plaintiff's argument that "the federal courts lack jurisdiction because his offense was committed on federal land" was "patently frivolous and the district court was well within its authority to protect itself from Moose's obstinacy"); *Moose v. Butler*, No. 6:17-CV-57, 2017 U.S. Dist. LEXIS 71742 at *2–3 (E.D. Ky. May 11, 2017) (finding Plaintiff's argument "baseless" and striking his petition from the docket as frivolous); *Moose v. Barnhart*, No. 6:18-CV-232, 2018 WL 9840832 at *1 (E.D. Ky. Sept. 13, 2018) (finding that Plaintiff's habeas petition, which contained "many pages . . . of broad statements of law, as well as musings about jurisdiction, indictment sufficiency, and the federal criminal case resolution process" was "legally frivolous"); *Moose-Bey v. United States*, No. 6:18-CV-317, 2018 U.S. Dist. LEXIS 211634 at *2–3 (E.D. Ky. Dec. 17, 2018) (striking Plaintiff's complaint from the docket as frivolous); *Bey v. Hendrix*, No. 2:21-CV-22, 2021 WL 1257374, at *2 (E.D. Ark. Mar. 18, 2021) (court lacked jurisdiction to hear Plaintiff's habeas petition), *report and recommendation adopted*, 2021 WL 1258660 (E.D. Ark. Apr. 5, 2021).

> (C) upon the showing of satisfactory evidence, cumulative or otherwise, that any fraud, wrong, or injustice has been done to the United States.

RCFC 59(a)(1).[2]  Pursuant to binding precedent from our appellate court, the United States Court of Appeals for the Federal Circuit, "[a] motion for reconsideration must also be supported 'by a showing of extraordinary circumstances which justify relief.'" *Biery v. United States*, 818 F.3d 704, 711 (Fed. Cir. 2016) (quoting *Caldwell v. United States*, 391 F.3d 1226, 1235 (Fed. Cir. 2004)).

Plaintiff's motion for reconsideration does not come close to carrying his burden. *Biery*, 818 F.3d at 711 (citing *Caldwell*, 391 F.3d at 1235).  His motion alleges no new facts; rather, it simply attempts to augment his meritless "breach of contract" theory.  ECF No. 16 at 3–12; *see Multiservice Joint Venture, LLC v. United States*, 374 F. App'x 963, 967 (Fed. Cir. 2010) (explaining that a motion for reconsideration "is not intended merely to give an unhappy litigant an additional opportunity to persuade the court to accept its arguments" (citing *Citizens Fed. Bank, FSB v. United States,* 53 Fed. Cl. 793, 794 (2002))); *see also Yuba Natural Res., Inc. v. United States*, 904 F.2d 1577, 1583 (Fed. Cir. 1990) ("The decision whether to grant reconsideration lies largely within the discretion of the [trial] court.").

Accordingly, the Court reaffirms that it lacks subject-matter jurisdiction over Plaintiff's claims.  Plaintiff's allegations regarding the existence of a contract with the United States are frivolous.  Plaintiff's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew H. Solomson
Matthew H. Solomson
Judge

---

[2] Because RCFC 59(a)(1)(C) "only applies when the government moves for reconsideration," the Court must consider Plaintiff's motion as falling under RCFC 59(a)(1)(A) or (B). *Johnson v. United States*, 126 Fed. Cl. 558, 560 (2016) (explaining that RCFC 59(a)(1)(C) "only applies when the government moves for reconsideration because 'fraud, wrong, or injustice has been done *to the United States*.'" (quoting RCFC 59(a)(1)(C))).  Pursuant to RCFC 59(b)(1), "[a] motion for a new trial or for reconsideration under RCFC 59(a)(1)(A) or (B) must be filed no later than 28 days after the entry of judgment." RCFC 59(b)(1).  Plaintiff's motion, which was filed 21 days after the entry of judgment, is timely. *See id.*